UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILLIP MICHAEL LITTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11 CV 284 JM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Phillip Michael Littler, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding, held on January 10, 2011, at the Indiana State Prison. At that hearing, he was found guilty of threatening or intimidating in violation of B-213 and deprived of 15 days earned credit time.

Littler raises only one ground to challenge that finding. He argues that he was not permitted to see the internal affairs investigative report, 10-ISP-170-IA, regarding the incident underlying the disciplinary proceeding.

This is not a basis for habeas corpus relief because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Therefore withholding the confidential report prepared by internal affairs did not violate due process. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974)

guarantees the right to present relevant, exculpatory evidence, "*Wolff* concluded that disciplinary boards need not place on the record all of the evidence that influences their decisions. The Court recognized that considerations of institutional security may militate against full disclosure." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001).

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED.**

Date: August 11, 2011

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT